**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4496**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM DONALDSON MITCHELL, a/k/a Suave,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:23-cr-00035-JPB-JPM-1)

_____

Submitted:  January 30, 2024                              Decided:  February 5, 2024

_____

Before KING, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Carly Cordaro Nogay, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Donaldson Mitchell appeals his conviction and 78-month sentence imposed following his guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Mitchell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of the plea, the adequacy of the district court's sentencing explanation, and the substantive reasonableness of the sentence. Though notified of his right to do so, Mitchell has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Mitchell did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). Based on our review of the record, we conclude that Mitchell's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Next, we review Mitchell's sentence for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating procedural

2

reasonableness, we consider whether the district court adequately explained the sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the [18 U.S.C. § 3553(a)] factors . . . ." *Id.* at 519 (cleaned up). In other words, the court "must conduct an individualized assessment" by applying the § 3553(a) factors "to the particular defendant" being sentenced. *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (internal quotation marks omitted). In addition, when the defendant "presents nonfrivolous reasons for imposing a sentence outside the [Sentencing] Guidelines [range], the sentencing judge must address or consider those arguments and explain why he has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted).

At sentencing, Mitchell moved for a downward variance of 60 months' imprisonment, highlighting his difficult upbringing, record of volunteering and community involvement, and allegedly low likelihood of recidivism. In response, the district court varied downward—though not to the degree that Mitchell requested—citing Mitchell's community work and challenging past. The court also acknowledged Mitchell's recidivism argument by noting that Mitchell had avoided criminal conduct in the ten years between the instant offense and his last felony drug conviction. We therefore conclude that the court adequately addressed Mitchell's arguments and sufficiently explained its sentencing decision.

3

Finally, if a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Here, the district court triggered the presumption by imposing a sentence 19 months below the low end of the properly calculated Guidelines range, and we discern nothing in the record to rebut the presumption.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Mitchell's criminal judgment. At this juncture, we deny *Anders* counsel's motion to withdraw.

This court requires that counsel inform Mitchell, in writing, of the right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mitchell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4